# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PACIFIC INDEMNITY COMPANY,
as subrogee of Stephen E. Binder
and Kris A. Estes

                Plaintiff,

    v.

SUNLIGHTEN, INC.
formerly known as Sunlight Saunas, Inc.

     and

THOUGHTFORMS CORPORATION

     and

MR. MIKE & B'S ENTERPRISES, LLC
also known as Mr. Handyman of
Central Middlesex

     and

DRISCOLL ELECTRIC CO., INC.

     and

DAVEYO, INC.
trading as Safety Signal Security Systems

              Defendants.

CIVIL ACTION NO. 11:11-cv-11486 DJC

**JURY TRIAL DEMANDED**

## PLAINTIFF'S RESPONSE TO DEFENDANT THOUGHTFORMS CORPORATION'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that the contract contains the quoted language. However, there are other provisions of the contract, including but not limited to the addendum to the contract, that are of relevance to the Court's determination of the defendants' motion for summary judgment.

8. Admitted.

9. Admitted.

10. Admitted that the contract contains the quoted language. However, there is additional language in that section not quoted that is relevant to the Court's determination of the defendant's motion for summary judgment.

11. Denied as stated. The deposition testimony of Mr. Binder is attached in full to the defendants' motion and speaks for itself.

12. Denied as stated. The affidavit speaks for itself. By way of further response, when the homeowner, Mr. Binder, was questioned about the addendum, he testified that he could not recall any contract negotiations regarding the language at issue, DE 56-1 at 41, and that he would not have intended the addendum to "limit" the waiver of subrogation provisions in the main contract. Id. at 42. In fact, the addendum broadens or at least preserves the liability of the defendants, not "limits" it, and nothing in Mr. Binder's testimony conflicts with that reading of the addendum.

13. Admitted upon information and belief. The plaintiff has no evidence to controvert this statement.

14. Admitted.

15. Denied as stated. To the extent that this statement is based on the deposition testimony of Mr. Binder, the testimony speaks for itself.

16. Denied as stated. To the extent that this statement is based on the deposition testimony of Mr. Binder, the testimony speaks for itself.

17. Denied. The affidavit speaks for itself. Moreover, the intent of both parties is relevant, not just Thoughtforms' intent.

18. Denied as stated and denied as a conclusion of law.

19. Denied. The affidavit speaks for itself. Moreover, the intent of both parties is relevant, not just Thoughtforms' intent.

20. Admitted.

21. Admitted.

22. Admitted. By way of further response, the Chubb/Pacific Indemnity policies which were in place during the construction of the "accessory structure" and at the time of the fire were homeowners policies issued to the Binders, not builders risk policies, and the insurable interests of the defendants in the "Work" were not insured, covered or protected by these policies in the event of a fire. See DE 56-1 at Exhibit "F" (naming only the Binders as insureds). In this case, the Chubb/Pacific Indemnity policies purchased by the Binders could not have qualified as the policies required under Section 22.3 of the AIA agreement covering construction of the "accessory structure" because by the terms of Section 22.3, the policy covering the "Work" was required to include the "interests of the …Contractor, Subcontractors and Sub-subcontractors in the Work…" DE 56-1 at 28.

23. Admitted.

24. Denied as stated. The homeowners requested Thoughtforms to perform certain services in the main residence, but plaintiff denies that such services were performed pursuant to

the written contract for the "pool structure." At the very least, there is a genuine issue of material fact for trial regarding this issue.

25. Denied as stated. See response to 24 above.

26. Denied as stated. The document speaks for itself.

27. Admitted.

28. Admitted in part, denied in part. Mr. Binder did not discuss a second written agreement to cover the work performed in the main residence, but did orally discuss the work in the main residence.

29. Admitted in part, denied in part. See response to 28 above.

30. Denied as stated. The testimony speaks for itself.

31. Denied as stated. The testimony speaks for itself.

32. Denied as stated. The testimony speaks for itself. Additionally, and by way of further response, the contract proffered by Thoughtforms is, on its face, inapplicable to the work alleged to relate to the fire. The contract by its express terms identifies that it covers the work to construct the "Estes/Binder Residence Accessory Structure." DE 56-1 at 18. Discovery has confirmed, and moving defendants appear to agree, that the work alleged to have caused the fire was work performed by the moving defendants in the homeowner's main residence, not the "accessory structure." DE 51 at 2, DE 52 at 2. Most significantly, however, the defendants have not provided to the Court any document purporting to be a written amendment to the contract for the "accessory structure" that would include and cover the work to be performed in the main residence, including the sauna, wiring to the sauna, and sauna enclosure, that is alleged to have caused or contributed to the fire. Moreover, even after extensive oral examination of the homeowner, Mr. Binder, the best that the defendants can do is concede that there was

never any amendment to the written contract for the "accessory structure" that covered the work in the main house, and that the homeowner had, essentially, given no thought one way or another as to whether the work in the main house was covered by the contract for the "accessory structure." DE 51 at 15-16. Support for this is found in the fact that the homeowner insisted that the billings for work on the main structure be kept separate from billings related to the "accessory structure," as even the defendants concede. Id. See also testimony of Mr. Binder at DE 56-1 at 38-39.

Further support for this conclusion is found in the homeowner's deposition testimony where he recounted that there was no understanding, one way or another, that the written contract for the "accessory structure" would govern work performed on the main house but that it was understood that work on the main house would be performed at a "similar fee structure and workmanship." DE 56-1 at 39. This testimony supports that the homeowner viewed the work at the main structure to have been performed under a separate oral agreement governing that work.

Additional support for this conclusion is also found in the fact that, as originally drafted by defendant Thoughtforms, the contract for the construction of the "accessory structure" was entitled the contract for "Estes/Binder Residence." DE 56-1 at 43. At the homeowner's insistence, the title of the contract was changed to be more specific, to cover the "accessory structure" only. Id.

33. Denied as stated. The affidavit speaks for itself.

34. Denied as stated. The affidavit speaks for itself.

35. Denied as stated. The affidavit speaks for itself.

36. Denied as stated. The affidavit speaks for itself.

37. Admitted upon information and belief.

38. Denied as stated.  The affidavit speaks for itself.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted in part, denied in part.  It is denied that the parties "treated all work as a single project."

46. Admitted.

47. Denied as stated.  The testimony speaks for itself.

48. Admitted upon information and belief.  The plaintiff has no evidence to controvert this statement.

49.  Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. The plaintiff can neither admit nor deny this statement.

65. Admitted.

66. Admitted.

67. Denied as stated.  The document speaks for itself.

68. Denied as stated.  The contract speaks for itself, and the defendant has not fully quoted the language in that section.

69. Denied as stated.  The document speaks for itself.

70. Denied as stated.  The document speaks for itself.

71. Denied as stated.  The document speaks for itself.

72. Denied as a legal conclusion.

73. Denied as stated.  The testimony speaks for itself.

74. Denied as stated.  The testimony speaks for itself.

75. Denied as stated.  The testimony speaks for itself.

s/ Douglas B. Fox (PHV)

Douglas B. Fox, Esquire
Steven Gerber, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Ph: (215) 665-2000
Fax: (215) 665-2013
E-mail: dfox@cozen.com; sgerber@cozen.com

s/Patrick J. Loftus _____
Patrick J. Loftus, III, Esquire (BBO #303310)

LAW OFFICES OF PATRICK J. LOFTUS, III
9 Park Street, Suite 500
Boston, MA  02108
Ph: (617) 723-7770
Fax: (617) 248-9752
E-mail: soxdctr@aol.com


## CERTIFICATE OF SERVICE

I, Douglas B. Fox, hereby certify that, on this 4th day of January, 2013, the foregoing document was filed through the ECF system, and the document will be sent electronically to all counsel of record in the case.

s/ Douglas B. Fox (PHV)